## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

JAMES WILLIAM HARRISON,       :
SR.,                          :
                              :
       Plaintiff,        :
                              :      CIVIL ACTION NO.
    v.                      :      2:10-CV-0209-RWS
                              :
UNITED STATES OF AMERICA.     :
*et al.*,                     :
                              :
       Defendants.       :

## <u>ORDER</u>

This case is before the Court for consideration of Defendants' Motion to Dismiss [9]. Plaintiff has failed to file a response to the Motion, and it is thus deemed to be unopposed. After reviewing the record, the Court enters the following Order.

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." <u>Grossman v. Nationsbank, N.A.</u>, 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. <u>Bryant v. Avado Brands, Inc.</u>, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); <u>see</u> <u>also</u> <u>Bell Atl. Corp. v. Twombly</u>, 550

U.S. 544, 555-56 (2007) (internal citations omitted).  However, "[a] pleading

that offers 'labels and conclusions' or 'a formulaic recitation of the elements of

a cause of action will not do.'" <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S. Ct. 1937,

1949 (2009) (<u>quoting</u> <u>Twombly</u>, 550 U.S. at 555).  "Nor does a complaint

suffice if it tenders 'naked assertion[s]' devoid of 'further factual

enhancement.'" <u>Id.</u>

     The United States Supreme Court has dispensed with the rule that a

complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond

doubt that the plaintiff can prove  no set of facts in support of his claim which

would entitle him to relief.'"  <u>Twombly</u>, 127 U.S. at 561(<u>quoting</u> <u>Conley v.</u>

<u>Gibson</u>, 355 U.S. 41, 45-46 (1957)).  The Supreme Court has replaced that rule

with the "plausibility standard," which requires that factual allegations "raise

the right to relief above the speculative level."  <u>Id.</u> at 556.  The plausibility

standard "does not[, however,] impose a probability requirement at the pleading

stage; it simply calls for enough facts to raise a reasonable expectation that

discovery will reveal evidence [supporting the claim]." <u>Id.</u>

     Additionally, because Plaintiff is acting *pro se*, his "pleadings are held to

a less stringent standard than pleadings drafted by attorneys and will, therefore,

2

be liberally construed." <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998).  "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." <u>Thomas v. Pentagon Fed. Credit Union</u>, 2010 WL 3273056, at *2 (11th Cir. August 19, 2010).

Plaintiff filed the present action seeking a tax refund for the 2008 tax year.  Plaintiff filed a joint income tax return for the 2008 tax year with his spouse, Yupinporn Prommas on April 9, 2009.  In October 2010, Plaintiff filed Claim for Refund and Request for Abatement, Form 843, with the Internal Revenue Service.  (The "Service").  The Service received Plaintiff's refund claim on October 8, 2010 and re-routed it to the Service in Atlanta on October 14, 2010, the same day Plaintiff filed this suit.  Plaintiff alleges that his claim has been denied, but the claim remains "unresolved."

Under the principle of sovereign immunity, it is well settled law "that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." <u>United States v. Mitchell</u>, 463 U.S. 206, 212 (1983). Such a waiver must be explicit and must be strictly construed

AO 72A
(Rev.8/82)

in favor of the United States.  <u>United States v. Nordic Village, Inc.</u>, 503 U.S. 30, 33 (1992).

Congress has statutorily waived this immunity when taxpayers file suit for a refund of federal taxes.  <u>United States v. Williams</u>, 514 U.S. 527, 531 (1995).  The district courts of the United States have original jurisdiction over any suit filed against the United States claiming recovery of a federal tax "alleged to have been erroneously or illegally assessed or collected . . . or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1).  Prior to filing such a suit, a taxpayer must comply with the "tax refund scheme established in the [Internal Revenue] Code." <u>United States v. Clintwood Elkhorn Min. Co.</u>, 553 U.S. 1, 4 (2008).

The scheme requires that before a tax refund suit can be filed in federal court, the taxpayer must first file an administrative claim for refund with the Internal Revenue Service.  26 U.S.C. § 7422(a); <u>United States v. Dalm</u>, 494 U.S. 596, 602 (1990)("[U]nless a claim for refund of a tax has been filed within the time limits imposed by §6511(a) [of the Internal Revenue Code], a suit for refund . . . may not be maintained in any court.").  Also, the scheme requires the

4

taxpayer to make full payment of the disputed tax prior to filing suit. Flora v. United States, 362 U.S. 145, 150-51 (1960).  A claim for refund is generally due no later than "3 years from the time the return was filed or 2 years from the time the tax was paid." 26 U.S.C. § 6511(a).  At that point, no suit can be filed until 6 months after the filing of the administrative claim, unless the Service has denied the claim within that time. 26 U.S.C. § 6532(a).

    In this case, Plaintiff failed to meet the conditions of the sovereign immunity waiver found in section 7422(a), because his suit is not yet ripe. Specifically, Plaintiff filed suit mere days after he filed his claim for refund. The Service had yet to act on his Form 843 before Plaintiff filed his Complaint in this Court.  Because Plaintiff filed suit outside of the time period permitted by section 6532, the United States has retained its sovereign immunity as to this action.  Compagnoni v. United States, 173 F.3d 1369, 1370, n.3 (11th Cir. 1999); citing Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 287 (1983); Reddick v. United States Commissioner of Internal Revenue, 2008 WL 2224540, at *2 (N.D. Ga. May 28, 2008)(suit filed three months after purported refund claim dismissed).

AO 72A
(Rev.8/82)

Based on the foregoing, the Court concludes that it lacks subject matter jurisdiction to hear this case.  Accordingly, Defendants' Motion to Dismiss [9] is hereby **GRANTED**.  In light of the dismissal, Plaintiff's Motion for Innocent Spouse Relief [10] is **DENIED**.

**SO ORDERED**, this _ 24th _ day of January, 2011.

**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)